# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ATRAVION PRESTON,

        Petitioner,  :  Case No. 3:15-cv-459

- vs -     District Judge Thomas M. Rose
                             Magistrate Judge Michael R. Merz

THOMAS SCHWEITZER,[1] Warden,
Lebanon Correctional Institution,

                                                                                             :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, filed by Petitioner pro se, is before the Court for decision on the merits.  Upon Mr. Preston's Petition (ECF No. 2), the Court ordered an answer which Respondent has filed (ECF No. 7).  In response, Preston has filed a Motion for Summary Judgment (ECF No. 8).  That Motion takes the place of a reply under Rule 5 of the Rules Governing § 2254 Cases; its filing renders the case ripe for decision.

The Petition discloses that Preston was convicted in the Montgomery County Common Pleas Court on September 20, 2012, on his guilty pleas to one count of rape and one count of aggravated burglary, for which he was sentenced to twelve years imprisonment (Petition, ECF No. 2, PageID 22).

Preston pleads one ground for relief:

---

[1] The Return of Writ advises that Thomas Schweitzer has replaced Ernie Moore as Warden at the Lebanon Correctional Institution.  Pursuant to Fed. R. Civ. P. 25, Schweitzer is substituted for Moore and the caption amended as set forth above.

1

>    **Ground One:** Petitioner's 5th, 6th, 14th Amendment to the U.S. Constitution Due Process and Equal Protection under law was violated when the court lacked jurisdiction from a transfer from juvenile court that didn't protect under JDA statues [sic].

*Id.* at PageID 26.

**Procedural History**

Preston, who was seventeen years old at the time of the offenses in this case, was charged in an Amended Complaint in the Juvenile Division of the Montgomery County Common Pleas Court with receiving stolen property and two counts of rape and aggravated burglary, with firearm specifications (State Court Record, Motion to Transfer, ECF No. 6, PageID 46,). The Amended Complaint was further orally amended in open court to dismiss the firearm specifications. *Id.* at PageID 48. On motion of the state and after an evidentiary hearing, Judge Capizzi found probable cause to believe Preston had committed the offenses and that he was not amenable to treatment in the Juvenile Division; he bound Preston over to the General Division for trial as an adult. *Id.* at PageID 51-53.

Preston was initially indicted by the grand jury on three counts of aggravated burglary, three counts of rape, one count of disrupting public service, and one count of receiving stolen property; all three rape and burglary counts carried firearm specifications (Indictment, State Court Record, ECF No. 6, PageID 54-58).

Represented by counsel, Preston agreed to plead guilty to one count of rape and one count of aggravated burglary with an agreed sentence of ten to twelve years. *Id.* at PageID 61-64. Prior to sentence and having retained new counsel, Preston moved to withdraw his guilty plea. *Id.* at PageID 65-68. After an evidentiary hearing, Judge Langer denied the motion and

2

imposed a twelve-year sentence. *Id.* at PageID 110-12.

Preston appealed, alleging as his sole assignment of error that the trial court had erred in denying his motion to withdraw the guilty plea. The Second District Court of Appeals overruled that assignment of error and affirmed the conviction *State v. Preston*, 2013-Ohio-4404, 2013 Ohio App. LEXIS 4641 (2nd Dist. Sept. 30, 2013). Preston did not timely appeal to the Ohio Supreme Court and his motion for delayed appeal was denied. *State v. Preston,* 137 Ohio St. 3d 1472 (Jan. 22, 2014).

On December 31, 2013, Preston filed pro se an Application for Reopening of his direct appeal (State Court Record, ECF No. 6, PageID 154, et seq.)  The Application asserted as an omitted assignment of error that the police unlawfully obtained a sample of Preston's DNA without his grandparents' consent; that they unlawfully seized a laptop computer from his book bag; and that the trial court had violated his Double Jeopardy rights by sentencing him to separate consecutive sentences for allied offenses *Id.* The Second District denied reopening because the Application was untimely and failed to set forth a genuine issue of whether Preston has been deprived of ineffective assistance of appellate counsel. *State v. Preston,* Case No. CA 25393 (2nd Dist. Feb. 21, 2014)(unreported; copy at ECF No. 6, PageID 185, et seq.)  The Ohio Supreme Court declined to review. *State v. Preston*, 139 Ohio St. 3d 1407 (2014).

On November 14, 2014, Preston filed a Petition for an Ohio writ of habeas corpus alleging, among other things, that he was improperly bound over and therefore being held unconstitutionally because the transferee court thereby lacked jurisdiction. The Warren County Court of Appeals denied the writ, holding the bindover was proper (Entry, State Court Record, ECF No. 6, PageID 310, et seq.)  Preston filed another petition for state habeas in the Warren County Common Pleas Court March 11, 2015. *Id.* at PageID 314, et seq. That petition was

3

dismissed June 2, 2015. *Id.* at PageID 339, et seq.  On July 13, 2015, Preston filed an original petition for an Ohio writ of habeas corpus in the Ohio Supreme Court. *Id.* at PageID 341, et seq.  That court dismissed the petition *sua sponte* on December 2, 2015.  *Id.* at PageID 358.  The court also denied a motion for reconsideration on March 23, 2016. *Id.* at PageID 363.

Preston filed his Petition in this Court on December 23, 2015.

## Analysis

As noted above, the Petition in this Court contains only one claim, to wit, that the Montgomery County Common Pleas Court did not obtain jurisdiction over this case because the bindover was improper.

The Warden defends on three bases.  First, he asserts that the question of whether the bindover was proper is purely a question of state law and this Court does not have authority to substitute its own judgment of what Ohio law requires for that of the Ohio courts (Return of Writ, ECF No. 7, PageID 405-06).  Second, he asserts that, to the extent Preston raises a federal constitutional claim, he procedurally defaulted in presenting that claim in the Ohio courts.  *Id.* at PageID 406-10.  Finally, the Warden asserts Preston's jurisdictional claim is without merit.  *Id.* at 410-12.

Preston responds to these arguments with his Motion for Summary Judgment (ECF No. 8).  Preston spends some time discussing the applicability of Fed. R. Civ. P. 56 in habeas corpus cases. *Id.* at PageID 417-19.  The Court finds there is in this case no conflict between Fed. R. Civ. P. 56 and the Rules Governing § 2254 Cases such that the Court could not consider the Motion in lieu of a reply.  However, Preston relies in part on provisions of 28 U.S.C. § 2254

concerning fact-finding in habeas cases which have been replaced by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

In his Motion, Preston asserts that his constitutional rights were violated when he was informed in the Juvenile Court of four charges and dismissal of the firearm specifications when he was eventually charged on eight counts (ECF No. 8, PageID 415). This claim is not made in the Petition and is without merit. The Amended Complaint in Juvenile Court advised Preston correctly of the charges he then faced. But once he was bound over to the General Division, the State had an obligation to present any charges it intended to pursue to a grand jury; Preston had a right to grand jury indictment under the Ohio Constitution. He also had a right under the Fifth and Fourteenth Amendments to the United States Constitution to receive fair notice in the Indictment of the charges being pursued. But he does not here claim that the Indictment fails that test, nor has he made that claim in the Ohio courts.

The Warden asserts the jurisdictional claim was procedurally defaulted by not raising it on direct appeal (Return, ECF No. 7, PageID 408-09). Preston responds that there was no procedural default because his claim was cognizable in an Ohio habeas corpus proceeding (Motion, ECF No. 8, PageID 416). However, the question of what issues are cognizable in an Ohio habeas corpus action is a question of Ohio law which has been decided against Preston in this case. The Ohio Court of Appeals for Warren County held Preston had an alternative remedy for the claim he made, to wit, direct appeal. *State, ex rel Preston, v. Moore*, Case No. CA 2014-11-136 (12th Dist. Jan. 16, 2015)(unreported, copy at ECF No. 6, PageID 310, et seq.) The court of appeals explicitly distinguished the case of *Johnson v. Timmerman-Cooper*, 93 Ohio St. 3d 614 (2001), on which Preston relies. *Id.* at PageID 312.

Preston argues something like a Double Jeopardy claim in his Motion at ECF No. 8,

PageID 316, when he states that once a juvenile proceeding has reached the stage of a plea of guilty or the taking of evidence, subsequent proceedings on different charges arising out of the same events is barred.  Assuming without deciding that this is a correct statement of Double Jeopardy law, it is not what happened here:  Preston was bound over before pleading and before any evidence was taken.  Evidence taken on a probable cause proceeding does not cause Double Jeopardy to attach.   Moreover, this is a new claim not previously raised and is procedurally defaulted on that basis.

Preston makes an argument against this Court's accepting the decision of the Ohio courts based on 28 U.S.C. § 2254(d)(4) and (7).  But those provisions of the federal law were repealed when Congress adopted the AEDPA twenty years ago.

Preston claims that the Ohio Supreme Court's rejection of his original habeas petition "didn't give a determination on the merits." (ECF No. 8, PageID 419).  The United States Supreme Court has just dealt with a very similar claim.  Where there has been one reasoned state court judgment rejecting a federal claim, there is a rebuttable presumption that later unexplained orders upholding the judgment or rejecting the same claim rest on the same ground.  *Ylst v. Nunnemaker*, 501 U.S. 797 (1991).  But in *Kernan v. Hinojosa*, 578 U.S. ___, 2016 U.S. LEXIS 3051 (May 16, 2016), the Court unanimously held that presumption is rebutted where a state supreme court denies an original writ.  Under those circumstances, a federal district court must treat the state supreme court's decision as having been made on the merits and grant it appropriate deference under AEDPA.

This Court disagrees in part with the Warden's non-cognizability argument.  Federal courts have jurisdiction in habeas corpus to grant relief when a person is confined on order of a court that did not have jurisdiction of the subject matter or the person of a defendant, because

confinement on order of a court without jurisdiction would violated due process. Even during the most restrictive periods of application of federal habeas corpus to state defendants, the Supreme Court has granted relief when the state court was found to lack jurisdiction. See *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1873); *Ex parte Siebold*, 100 U.S. 371 (1879). But the question of what it takes to create jurisdiction is a question of state law, and the Warden is correct that federal habeas corpus courts cannot second guess state courts on question of state law. In this case, the Ohio Supreme Court must be understood to have ruled on the merits of Preston's jurisdictional claim and he has the burden of showing that that decision was contrary to or an unreasonable application of U.S. Supreme Court precedent. He has not done so.

Preston seems to argue that a Common Pleas Court would not have jurisdiction over offenses that do not arise out of the same conduct that it was the basis of the transfer from the Juvenile Division (ECF No. 8, PageID 422, citing *State v. Collins*, 2008-Ohio-578 (8th Dist. Feb. 14, 2008), and *State v. Bruno,* 2001-Ohio-4227 (8th Dist. Feb. 8, 2001)). Both cases stand for that proposition of law, but both found that the indicted offenses arose out of the same conduct that resulted in the bindover. The same is true here.

Preston argues in various place in his Motion that *res judicata* should not apply here. But the Warden has never asserted *res judicata* bars Preston's claims. On the other hand, the Ohio *res judicata* doctrine bars raising in habeas or even in a petition for post conviction relief a claim which could have been raised on direct appeal. *State v. Perry*, 10 Ohio St. 2d 175 (1967); s*ee also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling,* 21 Ohio St. 2d 13 (1970).

**Conclusion**

Preston has not shown that the Ohio Supreme Court's decision on his original habeas corpus petition was contrary to or an objectively unreasonable application of United States Supreme Court precedent.  Therefore his Motion for Summary Judgment should be denied and his Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 23, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

9