# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ATRAVION PRESTON,

        Petitioner,    :    Case No. 3:15-cv-459

  - vs -                             District Judge Thomas M. Rose
                                          Magistrate Judge Michael R. Merz

THOMAS SCHWEITZER,[1] Warden,
 Lebanon Correctional Institution,

                                              :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6)(ECF No. 15). As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for a recommended decision.

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackermann v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa*, 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Relief is warranted only in

---

[1] The Return of Writ advises that Thomas Schweitzer has replaced Ernie Moore as Warden at the Lebanon Correctional Institution. Pursuant to Fed. R. Civ. P. 25, Schweitzer is substituted for Moore and the caption amended as set forth above.

exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60.  *Johnson*, 357 F.3d 539; *Hopper*, 867 F.2d at 294.

Preston's 60(b)(6) Motion is a true Rule 60(b) motion because it claims error in the Court's handling of the habeas corpus, rather than raising a new claim against the underlying criminal judgment.  Therefore it does not require permission from the Sixth Circuit before being decided in this Court.  *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Preston claims the judgment is in error because it did not deal with the merits of his claim that the General Division of the Montgomery County Common Pleas Court did not have jurisdiction to try him on a firearm specification because that specification had been dismissed in the Juvenile Division before bindover.  The Report and Recommendations, which Judge Rose adopted, flatly said this claim was "without merit."  (Report, ECF No. 10, PageID 434.)

In addition to making a merits determination, the Report also found, as the Warden asserted, that the claim was procedurally defaulted because it was not raised on direct appeal.  Preston claimed in his Motion for Summary Judgment that there was no procedural default because the claim could be raised in habeas corpus and he did raise it in that manner (ECF No. 8, PageID 416).  That default was found and enforced by the Twelfth District Court of Appeals when Preston filed for state habeas corpus.  *State, ex rel Preston, v. Moore*, Case No. CA 2014-11-136 (12th Dist. Jan. 16, 2015)(unreported, copy at ECF No. 6, PageID 310, et seq.)  Preston argues that decision should have no effect in federal court because he filed his state habeas (one of several) in the Common Pleas Court, not the court of appeals.  Although there was some confusion about this, probably because the same clerk serves both courts, the Ohio courts of appeals do have original jurisdiction in habeas corpus and Preston suffered no harm from having

2

the court of appeals hear the case.  Moreover, he has offered no proof that failure to raise a claim such as his on direct appeal is not a waiver of that claim.

Preston repeats several times his claim about lack of jurisdiction in the General Division because the adult charges did not arise out of the same conduct as the juvenile charges.  But he offers no proof of that claim whasoever.

**Conclusion**

The Court's Judgment does not involve an error of law.  Preston's Rule 60(b)(6) Motion should therefore be DENIED.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).