# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ATRAVION PRESTON,

        Petitioner,    :    Case No. 3:15-cv-459

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

THOMAS SCHWEITZER, Warden,
 Lebanon Correctional Institution,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration to Comply with Fed. R. Civ. P. 72(b)(ECF No. 18).  Mr. Preston asserts he was not served with the Magistrate Judge's Report and Recommendations to deny his Motion for Relief from Judgment (ECF No. 16).  To alleviate any possible concern on that score, the Magistrate Judge ordered that he be re-served with the Report and have until November 7, 2016, to file objections (Order, ECF No. 19).  He has now done so (ECF No. 20) and the Motion for Reconsideration is ripe.

Mr. Preston's Petition includes one ground for relief:

> **Ground One:** Petitioner's 5th, 6th, 14th Amendment to the U.S. Constitution Due Process and Equal Protection under law was violated when the court lacked jurisdiction from a transfer from juvenile court that didn't protect under JDA statues [sic].

(Petition, ECF No. 2, PageID 26.)

1

**Procedural History[1]**

Preston was seventeen years old when he committed the offenses of which he was convicted, rape and aggravated burglary. He was therefore originally charged in the Juvenile Division of the Montgomery County Common Pleas Court. The Amended Complaint in that case charged firearm specifications which were dismissed on oral motion in open court.

Judge Capizzi found probable cause to believe Preston has committed the offenses and bound him over to the General Division for trial as an adult. He was indicted by the Montgomery County Grand Jury on three counts of aggravated burglary, three counts of rape, one count of disrupting public service, and one count of receiving stolen property; all three rape and burglary counts carried firearm specifications (Indictment, State Court Record, ECF No. 6, Exh. 4, PageID 54-58). Preston then agreed to plead guilty to one count of rape and one count of aggravated burglary with an agreed sentence of ten to twelve years. After overruling his motion to withdraw the plea, Judge Langer sentenced him to twelve years.

Preston raised the claim he makes here – lack of jurisdiction in the General Division because of an improper bindover – for the first time in a November 14, 2014, petition for an Ohio writ of habeas corpus. He relitigated that claim without success in the Ohio courts, then filed in this Court on December 23, 2015. For reasons set forth in the original Report and Recommendations, the Magistrate Judge found Preston was not entitled to relief and recommended the Petition be dismissed with prejudice (ECF No. 10, PageID 437). Preston objected (ECF No. 12), but Judge Rose adopted the Report over this Objections and entered judgment dismissing the case (ECF No. 12, 13).

---

[1] The procedural history with references to the State Court Record is set out in greater detail in the original Report (ECF No. 10).

Mr. Preston filed his Motion for Relief from Judgment on August 31, 2016 (ECF No. 15). The Magistrate Judge recommended denying that Motion because there was no error of law in the Court's judgment (Report, ECF No. 16).  Preston's current Objections (ECF No. 20) are directed to that Report.

## Analysis

Preston's first objection is that the General Division did not have jurisdiction to try him on the firearm specifications (ECF No. 20, PageID 480).  His claim seems to be that once those specifications were dismissed in the Juvenile Division they were dismissed forever, i.e., with prejudice.  He claims that indicting him on the specifications violates the Equal Protection Clause of the Fourteenth Amendment, but he presents no case law from the United States Supreme Court to that effect.  He presents no Ohio or federal law that says a person cannot be indicted on charges or specifications that were dismissed in another division.  The indictment is clear on what the charges are and he never objected to the form of the indictment before pleading guilty and being sentenced, or even on direct appeal from that judgment.  In any event, Preston never pleaded guilty to or was sentenced on the firearm specifications.

The Report also found Ground One was procedurally defaulted, enforcing a default found by the Twelfth District Court of Appeals.  In his Objections, Preston asserts this is wrong because "[t]he Federal and Ohio courts agree that Subject matter jurisdiction may be raised at any time and must be addressed without Forfeit or being Waived."  Preston relies on *Johnson v. Timmerman-Cooper*, 93 Ohio St. 3d 614 (2001). The court of appeals explicitly distinguished that case from Preston's.  *Stat, ex rel Preston v. Moore*, Case No. CA 2014-11-136 (12th Dist.

Jan. 16, 2015)(unreported, copy at ECF No. 6, Exh. 22, PageID 312).  Preston says the distinction is "improper."  (Objections, ECF No. 20, PageID 481.)  But on review here, the distinction appears perfectly appropriate.  In *Johnson*, the bindover order was facially deficient because "the evidence was uncontroverted that the firearm involved was *not* on or about the child's person or under the child's control while committing the act charged, and that the child did *not* display, brandish or indicate possession of the firearm or use it to facilitate commission of the act charged."  *Preston, supra*, at PageID 312.  The Twelfth District then noted that the very opposite was true of this case in that the bindover order did correctly allege firearm use. *Id.* at PageID 313.  It also indicated that the firearm specification was ultimately dismissed and the common pleas court had jurisdiction. *Id.*   The requisite firearm finding is evident on the face of the bindover order (State Court Record, ECF No. 6, Exh. 3, PageID 52).  Preston received a decision on the merits of his jurisdiction claim from an Ohio appellate court with jurisdiction over the subject matter:  Preston was incarcerated within the territorial jurisdiction of the Twelfth District Court of Appeals, although he had been convicted in the Second District.

**Conclusion**

Preston has not shown any error in Judge Rose's decision dismissing the case.  His Motion for Reconsideration should therefore be denied.

November 8, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).